NORFOLK & N. B. HOSIERY CO. *v.* ARNOLD.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

1. ATTACHMENT—BREACH OF WARRANTY—SET-OFF.
    An attachment cannot be granted in an action based on breach of warranty without an averment in the affidavit that a cause of action existed over and above all counterclaims.

2. SAME—AVERMENTS ON INFORMATION AND BELIEF.
    Averments on information and belief, showing no personal knowledge as to the making of the warranty, breach of which is claimed, furnish no basis for an attachment.

3. SAME—FRAUD—SUFFICIENCY OF AVERMENTS.
    An attachment for fraud in making the contract for sale of certain sewing machines, the price paid for which is sought to be recovered, should not be granted on allegations of defendant's affidavit that the machines could perform satisfactory work for the purposes of plaintiff's business, their failure to do so, the allowance of many years for furnishing better machines on the representations of defendant that the defects could be cured, the final failure of the new machines, and the conclusion of affiant that defendant must have made his representations with intent to deceive plaintiff, knowing them to be false, relying probably on his belief that experiments would enable him to make good his representations.

Appeal from special term, New York county.

Action by the Norfolk & New Brunswick Hosiery Company against Anna M. Arnold. From an order vacating an attachment on papers on which it was granted, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Walter D. Edmonds*, for appellant. *Blackwell Bros.*, (*George E. Blackwell*, of counsel,) for respondent.

ANDREWS, J.   The attachment was granted on the summons and complaint and the affidavit of one Carbender. It sufficiently appeared by the papers that the defendant was a resident of the state of New Jersey. The complaint set up two causes of action; one based upon allegations of fraud, the other on allegations of a breach of warranty. The allegations of the complaint material to the question before the court are as follows: That prior to October 7, 1881, the defendant represented to plaintiff that her husband, Satterlee Arnold, was the inventor of a new method of stitching together the adjacent abutting cut edges of knit goods, whereby the said edges were stitched together without producing a welt; that said Satterlee Arnold had also invented and constructed a sewing machine called "Anchor Sewing Machine," which could produce said stitch and seam under ordinary and usual conditions of manufacture, and with rapidity and perfection, and with commercial economy and success; that defendant represented that said stitch and seam would prove of very great commercial value and profit to plaintiff if used in its business by means of said machines, and that the said machines constituted suitable devices for making the said "Anchor" seam and stitch, and that said machines made the said stitch and seam in a satisfactory manner, and in such a way as to be useful and necessary to the plaintiff; that, relying on such representations, the plaintiff ordered 100 of said machines, and subsequently paid therefor the sum of $16,000; that, after the plaintiff had begun to operate said machines, it was finally discovered that they were in many respects defective, and particularly that they were wholly incompetent to operate according to said representations, and could not, under the ordinary or usual conditions of manufacture, nor except under exceptional and impractical conditions, produce the said Anchor seam or stitch, nor were said machines properly constructed; that said machines proved wholly incompetent and useless, and the plaintiff was obliged to discard all of them, and to wholly abandon the use thereof; that said representations were false and fraudulently made with intent to deceive the plaintiff, and with the intent to procure said order for said machines, and the payments on account of the price thereof; that plaintiff did not forthwith repudiate the contract because of further representations made by the defendant that a different style of machines would soon be furnished, which would avoid the defects of those originally furnished; that, in consequence of such representations, the plaintiff extended for many years the time of delivery of said machines, and refrained for many years from bringing this action; that the final delivery of machines under said contract was made in the year 1889, and that the machines last delivered were no better than those first delivered, and were of no use to the plaintiff; that the plaintiff is informed and believes that all of said representations were falsely and fraudulently made, with intent to deceive the plaintiff; that plaintiff has notified the defendant that the machines are worthless, and the plaintiff offers, in his complaint, to allow the defendant to take possession of said machines, and remove them *from its premises*. For a second cause of action the complaint alleges as follows: That the defendant induced the plaintiff to give an order for 100 of said sewing machines, and warranted that they would be properly constructed, in a workmanlike manner, so as to be durable, and able to resist the wear incident to ordinary and usual use of sewing machines, and that they would be such as to enable the plaintiff to use them in the production of said Anchor seam and stitch; that plaintiff agreed to pay for said machines the sum of $16,000, and that such amount had actually been paid; that the machines were delivered at various times between the years 1882 and 1889, but that each and every of them wholly failed to make good said warranty. The complaint was accom-

panied by a lengthy affidavit of one Carbender, which sets forth in detail the various transactions had between the plaintiff and the defendant in regard to the purchase and delivery of the machines in question, and the alleged failure of such machines to produce the Anchor stitch in a manner satisfactory to the plaintiff.

So far as the second cause of action, based upon an alleged breach of warranty, is concerned, the papers upon which the attachment was granted were fatally defective, because the affidavit contained no statement that a cause of action existed in favor of the plaintiff over and above all counterclaims known to it or its officers. The papers were also defective because no legal proof was presented that the defendant ever warranted the machines. The allegations of the complaint are made upon information and belief, and Carbender's affidavit shows that he has no personal knowledge whatever as to the making of such warranty. He says: "Deponent is not able to swear positively as to any specific statement made to him on behalf of defendant amounting to an express warranty of the machines prior to the 21st day of March, 1889, but it is deponent's belief that statements were made by said Satterlee Arnold to deponent, to Mr. Johnson Letson, and to others, respecting the said machines, prior to their delivery, which were sufficient to constitute a warranty; and it was on this warranty that the price of the machines was paid as aforesaid." He then proceeds to state that the agreement for the sale and delivery of the machines was, as he believes, an oral one, made with one Letson personally; and what was then stated by Mr. Arnold on behalf of the defendant he is unable to state except inferentially. Letson, who was a former officer of the company, died some time before this action was brought, and it appears that Carbender had no personal knowledge as to the making of the warranty, and that his allegations in respect thereto were based entirely upon his inferences; and it is hardly necessary to say that such inferences furnish no legal basis for the granting of a warrant of attachment.

We are also of the opinion that there was no such evidence of fraud as authorized the issuing of an attachment. Carbender details at great length alleged difficulties that the plaintiff experienced in using said machines; conversations had by other officers of the company and by himself with the defendant and her husband; the various promises on the part of the defendant to furnish better machines; the arrangements for the postponement of the final completion of the contract for the delivery of the 100 machines; the payment of the $16,000 in installments, and of $90,000 by way of royalties; the final delivery of 10 machines in the year 1889, and the failure of such machines to answer the purpose for which the plaintiff had purchased them. His affidavit then contains the following statement: "Under the circumstances, deponent reluctantly concludes that Mr. Arnold must have made his said representations respecting these machines knowing them to be false at the time, and relying probably on his belief that experiments in the direction of construction and perfection of the machines would enable him finally to make good the representations. His statement to deponent, however, as well as to other officers of the corporation, was that the machine which he had in mind could make a stitch satisfactorily and properly for the purposes of the plaintiff's business; and this now manifestly appears was at the time of the representation an entirely false statement." It is too clear for argument that these statements were wholly insufficient to justify the granting of an attachment upon the ground of fraud in making the contract for the sale of the machines; and they are not in any degree strengthened by the allegations in the complaint, made upon information and belief, because the complaint is sworn to by Carbender himself. It clearly appears by the papers that the statements made by and on behalf of the defendant in regard to the machines were expressions of opinion, and all the circumstances indicate that the defendant and her husband believed that such statements were true. It would seem

that the defendant and her husband had great confidence that the machines. would come up to their representations; and the plaintiff and its officers evidently shared in that confidence, for it appears that, before making the contract for the 100 machines, they took one of the machines upon trial; and it was not until after such trial machine had been in their possession for a considerable period of time that the contract for the 100 machines was made. Moreover, the plaintiff used the machines during a period of between eight and nine years, and it was not until the expiration of that long period that Mr. Carbender reluctantly concluded that Arnold must have made his representations respecting the machines knowing them to be false. As plaintiff had faith enough to make the contract, after trying one of the machines, to pay $16,000 for the same in installments, to pay $90,000 royalties during a long period of years, the defendant and her husband were justified in having a like faith in the success of the machines; and an attachment should not now be granted upon the mere reluctant conclusion of Mr. Carbender that Arnold must have known that his representations were false, and must have made them with intent to deceive the plaintiff. The order appealed from should be affirmed, with costs. All concur.